[Civ. No. 44667. Second Dist., Div. One. Apr. 29, 1975.]

MANALIS FINANCE COMPANY, Plaintiff and Appellant, v. DWIGHT GEDULIG, as Director, etc., Defendant and Respondent.

674

COUNSEL

Kirsch, Arak & Bulmash and Jay S. Bulmash for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Mark W. Jordan and Philip C. Griffin, Deputy Attorneys General, for Defendant and Respondent.

OPINION

THOMPSON, J.—In this appeal, we consider the validity of the lien created by a notice of levy of unpaid California tax against the right of an assignee of Medi-Cal accounts receivable pursuant to a security interest perfected prior to the lien. We conclude that since Welfare and Institutions Code section 14115.5 renders the assignment unenforceable against the State of California, the lien created by the notice of levy is valid and the assignee for security has no right to the funds which are the subject of the levy.

The facts of the case at bench are stipulated. On October 18, 1971, GAB Corporation, doing business as Manchester Community Hospital

(Hospital), assigned to appellant as security for a loan all of its present and future accounts receivable. The security interest of appellant was duly perfected by a filing with the Secretary of State. From October 18, 1971, until the date of trial, Hospital was indebted to appellant in an amount exceeding $50,000. Hospital failed to pay its unemployment insurance contribution for the second and fourth quarters of 1972 and the first quarter of 1973, and owed the California Department of Employment Development $14,384.37 by reason of that failure.

Hospital showed on its books "accounts receivable" representing Medi-Cal funds due it from Blue Shield Insurance Company (Blue Shield) in the amount of $14,384.37. Blue Shield had in its possession an equal amount which it had received as a "carrier" from the State of California in the form of Medi-Cal program checks. On August 21 and November 13, 1973, the Department of Employment Development issued notices of levy pursuant to Unemployment Insurance Code section 1755 naming Hospital as the tax debtor. The notices were served on Blue Shield demanding that it pay to the department any funds in its possession payable to Hospital.

Blue Shield delivered the $14,384.37 to the Department of Employment Development. Appellant filed a timely third party claim with the department pursuant to Code of Civil Procedure sections 689 and 689d. The department denied the claim. Appellant filed a timely petition for determination of its third party claim in the superior court, thus commencing the case at bench. The trial court concluded that the third party claim was properly denied and that the department was entitled to the funds as against appellant.

In this appeal from that judgment, appellant contends: (1) despite the provisions of Welfare and Institutions Code section 14115.5, the assignment for security gave appellant an equitable lien prior in right to the state's claim for taxes; and (2) a construction of section 14115.5 which denies appellant's priority is unconstitutional. The contentions lack merit.

Welfare and Institutions Code section 14115.5, dealing with payment of Medi-Cal funds, states: "Moneys payable or rights existing under this chapter shall be subject to any claim, lien or offset of the State of California, and any claim of the United States of America made pursuant to federal statute, but shall not otherwise be subject to execution, levy, attachment, garnishment, or other legal process, and no

transfer or assignment, at law or in equity, of any right of a provider of health care to any payment shall be enforceable against the state, a fiscal intermediary or carrier."

■ Appellant admits that the funds to which it asserted a third party claim are of the character described in section 14115.5 of the Welfare and Institutions Code. It admits that they are funds due a provider of health care services and that the funds were in the possession of a carrier, Blue Shield, at the time of the notice of levy. Thus, all of the statutory requirements which render the assignment to appellant unenforceable against the State of California are present. It follows that the notice of levy by the state specifically authorized by the statute is good and that appellant has no cognizable right to assert a claim to the funds against the levy.

■ Appellant seeks to avoid the impact of section 14115.5 by arguing that, despite the unenforceability of the assignment, appellant possessed an equitable lien which was prior in right to the state's lien for taxes. The argument fails because the statute specifically denies enforceability against the state of transfers or assignments "at law or in equity."

■ Appellant argues alternatively that the impelled meaning of the unambiguous terms of Welfare and Institutions Code section 14115.5 denies equal protection of the law by subjecting Medi-Cal funds to claims of California and the United States while denying private persons similar rights against the funds or the enforceability of assignments of them.[1] It claims also that the statute deprives it of property without due process of law. ■ Both arguments fail because there is a valid basis for the classification drawn by the Legislature and because appellant had no property right in the assigned funds beyond that permitted by statute at the time of the assignment.

■ We deal here with a nonsuspect economic classification. If a rational basis for the legislative classification can be conceived, the classification must be upheld. (*Lelande* v. *Lowery,* 26 Cal.2d 224, 232-233 [157 P.2d 639, 175 A.L.R. 1109].) Here there are rational bases for the action of the Legislature. Medi-Cal funds have their origin in the tax revenues of the state and federal governments. Where there is a conflict of the availability of those funds to discharge an obligation of a payee of

---

[1]The statute does not declare the assignment void as between the parties. It is limited to the situation of unenforceability of an assignment in a manner which will defeat a claim of the state or the United States.

Medi-Cal claims to the state or the federal government on the one hand, or to a private creditor of the payee on the other, there is a rational reason to prefer the claim of the governmental entities from whom the funds originated. There is a rational reason to prefer the governmental claims over those of private assignees to induce the governmentally supplied and tax-originated money to be used for health care rather than to be diverted into unwise financing arrangements by the assignment of accounts receivable.[2] (See *Lelande* v. *Lowery, supra,* 26 Cal.2d 224.)

Appellant's argument of deprivation of property without due process of law is foreclosed by compelling precedent. In *Lelande* v. *Lowery, supra,* 26 Cal.2d 224, 230-231, our Supreme Court, recognizing the police power limitation upon the right to enter into future contracts, held constitutional a statute precluding assignment of contracts between a county and a newspaper for publication of tax notices and delinquent lists. Here the state employed its police power in enacting Welfare and Institutions Code section 14115.5 in circumstances strikingly similar to those present in *Lelande.*

We thus conclude that Welfare and Institutions Code section 14115.5 precludes enforcement by appellant of its assignment to defeat the levy of tax imposed by respondent on the funds due Hospital, and that the governing statute is constitutional.

The judgment is affirmed.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied May 28, 1975, and appellant's petition for a hearing by the Supreme Court was denied July 16, 1975.

---

[2]In the arrangement by which it factored Hospital's accounts receivable, appellant was entitled to interest at the rate of 3½ percent per month, or 42 percent per annum, and was entitled to retain a reserve of 20 percent on the accounts.